**STATE, EX COATNEY, Plaintiff, v. HORSTMAN, Chairman et, and MONTGOMERY COUNTY BOARD OF ELECTIONS, Defendant.**

Common Pleas Court, Montgomery County.

No. 108284. Decided May 13, 1955.

Myers, Mills, Boesch & Cline, Dayton, for relator.

Mathias H. Heck, Montgomery County Prosecutor, By: John P. McHugh, Edward J. Graef, Jr., Dayton, as Agent and Attorney for other detaching petitioners.

## OPINION

By McBRIDE, J.:

This is an original action in mandamus for a writ against the Board of Elections to require the Board to order an election on what is described as the Coatney petition for detachment from Kettering. The matter was argued and submitted on demurrer.

The petition alleges as a fact that the Coatney petition contained the essentials required by §709.39 R. C. It further alleges that the Board met on April 29, 1955 and found that, as alleged,

"* * * on the basis of the confusion in the map due to boundary lines being drawn in different colored pencils and on the basis of the uncertainty as to what maps were circulated with the petitions, the Board finds that Mr. Coatney's petition does not comply with §709.39 R. C. and *.* *."

The additional reason based upon the Supreme Court decision in the census case has been decided on demurrer in State, ex rel, Graef, Jr., v. Board, No. 2342 of the Court of Appeals, May 6th, 1955, and there is, therefore, no doubt on that phase of the law. Refusal to act on moral, rather than legal grounds is an abuse of discretion by the Board. In the instant case, the Board did perform the duty required by law. It found, according to the petition, adversely to the relator as to the accuracy and preparation of the petition and, having so found, it had a mandatory duty under §709.39 R. C. to refuse the election and proceed no further.

Relator alleges in the final paragraph that in doing so the Board committed a gross abuse of discretion and illegally failed to perform a duty. This is a pure conclusion not supported by the facts alleged. The demurrer tests the legal sufficiency of facts properly set forth in the petition. For this purpose only, the demurrer admits that which is well pleaded; it does not admit conclusions of law or of fact which are not proper in the pleading.

Authority to decide such issues is placed by law in the Board and not in the courts. The courts may compel, but not control such decisions, unless there is alleged, or proven, if heard on the merits, facts which establish either an abuse of discretion or a violation of statute. In **Sullivan v. State, 125 Oh St** at page 392, the Supreme Court said:

"By the repeated declarations of this court, allegations of fraud, corruption, or abuse of discretion must be specific."

No allegations of this character appear in the instant petition.

Sec. 709.39 R. C. provides:

166

"If a majority of the ballots cast at such election are cast against detachment, no further proceedings shall be had in relation thereto for a period of two years."

It is only necessary to indicate that complications that might arise from judicial control of elections are sufficient to justify the wisdom of the legislature which placed the responsibility for the decision to call an election for detachment with the Board of Elections. In this instance, the Board allowed one petition, involved in this Court in Case No. 108,273, and disallowed the other, with which we are concerned in this case.

The allegations of the petition are not legally sufficient to constitute a cause of action. Demurrer sustained.